Stanley MARCINEK, Appellant,

v.

COMMONWEALTH of Kentucky,
ex rel. Randi J. MARCUM,
Appellee.

No. 1998–CA–001416–DG.

Court of Appeals of Kentucky.

Sept. 3, 1999.

David C. Graves, III, Lexington, for appellant.

George T. Hays, McKee, for appellee.

Before COMBS, EMBERTON, and McANULTY, Judges.

## OPINION

COMBS, Judge.

This Court granted discretionary review of a Jackson Circuit Court opinion which affirmed an order of Jackson District Court continuing Stanley Marcinek's (Marcinek) obligation to pay child support after his daughter, Courtney Marcum (Courtney), became eighteen years of age. Pursuant to an order entered by this Court on September 2, 1998, the sole issue on appeal is whether the lower courts erred in construing what constitutes being a "high school student" for purposes of Kentucky Revised Statute (KRS) 403.213(3).

In August 1994, Courtney withdrew from the Jackson County School System and enrolled in the South Laurel Academy. Apparently, she withdrew from school because of problems with her nerves brought on by the ambiance of the public school. Courtney continued her education and completed the equivalent of her sophomore and junior years of high school through the South Laurel Academy home-bound program. She was in the process of completing her senior year in the home-bound program when she became eighteen years old on October 21, 1996.

On January 24, 1997, Marcinek filed a motion to stay child support, claiming that Courtney had attained the age of eighteen and was not currently enrolled in school. After a hearing, the Jackson District Court found that Courtney had indeed reached the age of eighteen and that she was enrolled in a private school with a graduation date set for May 1997. As a result, the district court continued Marcinek's obligation to pay child support until May 1997. Marcinek appealed the district court's order to the Jackson Circuit Court. The circuit court affirmed the order in an opinion entered on May 15, 1998. Marcinek then filed a motion for discretionary review with this Court, which was granted on September 2, 1998.

On appeal, Marcinek argues that Courtney is not a "high school student" for purposes of KRS 403.213(3), which provides in pertinent part:

> Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child shall be terminated by emancipation of the child unless the child is a high school student when he reaches the age of eighteen (18). In cases where the child becomes emancipated because of age, but not due to marriage, while still a high school student, the court-ordered support shall continue while the child is a high school student, but not beyond completion of the school year during which the child reaches the age of nineteen (19) years.

The record reflects the absence of an agreement or order that expressly provided child support for Courtney after she reached the age of eighteen. Therefore, unless Courtney was a high school student at the time she became eighteen on October 21, 1996, Marcinek's child support obligation terminated by operation of law.

■ The traditional rule was that in the absence of a contractual agreement to the

contrary, a parent was legally obligated to support a child only until the child reached the age of majority. *See Wilhoit v. Wilhoit,* Ky., 521 S.W.2d 512, 513 (1975); *Showalter v. Showalter,* Ky., 497 S.W.2d 420, 422 (1973). As amended in 1992, KRS 403.213(3) represents a change in Kentucky's public policy regarding the duration of child support. Pursuant to the more recent enactment, if the child is still in high school when she reaches the age of eighteen, the parent's child support obligation continues—but not beyond the end of the school year during which the child becomes nineteen. The statutory intent to recognize the necessity of a high school education in today's society is readily apparent. With this intent in mind, our focus turns to the language of KRS 403.213(3).

▮ Where there is no specific statutory definition, we must construe the words of the statute according to their common usage. *Kentucky Unemployment Insurance Commission v. Jones,* Ky.App., 809 S.W.2d 715 (1991). This Court has the duty to give statutory language its literal meaning unless to do so would produce a wholly absurd result. *Id.* When interpreting statutes, we must give them a reasonable construction and attempt to effectuate the legislature's intended purpose. *Beckham v. Board of Education of Jefferson County,* Ky., 873 S.W.2d 575 (1994). A student is normally understood to mean "one who attends a school...." *Webster's New Collegiate Dictionary* (1976). The school in which Courtney was enrolled at the time she became eighteen years of age was the South Laurel Academy.

According to the testimony of Wayne Cornett, the founder and Headmaster of South Laurel Academy, Courtney was enrolled in the home-bound program offered by South Laurel Academy during the 1996–1997 school year. She was scheduled to graduate in May 1997, the same date that she would have graduated from the Jackson County School System had she remained in the public school. The school would conduct a graduation ceremony and Courtney would be awarded a diploma. The school also provides the students with a transcript which can be used for college applications.

▮ Marcinek argues that the South Laurel Academy is not a "qualified" private school and that the home-bound program does not "qualify" for an exemption under KRS 159.030 from compulsory attendance laws. In *Kentucky State Bd. for Elementary and Secondary Educ. v. Rudasill,* Ky., 589 S.W.2d 877, 878 (1979), the Kentucky Supreme Court established "the perimeter within which the Commonwealth may regulate the curriculum and instruction in private and parochial schools." If the General Assembly wishes to monitor the work of private and parochial schools in accomplishing the constitutional purposes of compulsory education, then it may do so in the form of an appropriate standardized achievement testing program. *Id.* at 884.

> If the results show that one or more private or parochial schools have failed to reasonably accomplish the constitutional purpose, the Commonwealth may then withdraw approval and seek to close them for they no longer fulfill the purpose of 'schools'.

*Id.*

▮ Marcinek argues that this Court should refuse to define or recognize South Laurel Academy as a "high school" for failing to comply with the compulsory attendance laws. However, the Supreme Court in *Rudasill, supra,* clarified that it is not within the province of the courts to approve or to discredit schools for purposes of compulsory education in the Commonwealth. Until this Court is empowered otherwise by the General Assembly or informed otherwise by the State Board of Education, we must consider the South Laurel Academy as a "high school" qualified to educate the children of Kentucky. Because Courtney was enrolled and participating in the South Laurel Academy

home-bound program when she became eighteen years of age, Marcinek's child support obligation did not automatically terminate on her eighteenth birthday. KRS 403.213(3).

For the reasons stated above, the opinion of the Jackson Circuit Court which affirmed the Jackson District Court's order is hereby affirmed.

ALL CONCUR.