**Gerry Wayne SMILEY, Appellant,**

v.

**Sarah BROWNING (Formerly Smiley) Appellee.**

**No. 1998–CA–001992–MR.**

Court of Appeals of Kentucky.

Dec. 30, 1999.

888

William R. Whitledge, Madisonville, KY, for Appellant.

Gerald M. Burns, Madisonville, KY, for Appellee.

Before: GUDGEL, Chief Judge; BUCKINGHAM and JOHNSON, Judges.

## OPINION

GUDGEL, Chief Judge:

This is an appeal from an order entered by the Hopkins Circuit Court. The court adjudged that the enrollment of the parties' child in a fully-accredited Illinois private home school program qualified that child as a "high school student" for purposes of KRS 403.213(3), such that court-ordered child support being paid by the noncustodial parent should continue until completion of the school year in which the child reached the age of nineteen. Appellant contends that the court erred by finding him liable for support under such circumstances. We disagree. Hence, we affirm.

The parties divorced in 1982 and appellant was ordered to pay support for their two children. By January 1997, the older child was emancipated, while the younger child had withdrawn from his local high school and enrolled in a private home school program operated by the American School of Lansing, Illinois. The American School is fully accredited by the Illinois State Board of Education, and students who graduate from its program receive Illinois high school diplomas. The parties'

son received a diploma from the American School in August 1998.

Once appellant learned that his son was no longer attending a Kentucky public school, he ceased making child support payments to appellee. However, he continued to allow the support payments to accrue in a separate account. Meanwhile, appellee responded by filing a motion pursuant to KRS 403.213(3). She sought an order requiring appellant to continue making child support payments to her while the parties' child was enrolled in the Illinois school program, even though he was over eighteen years of age. After conducting a hearing on the motion, the court concluded as follows:

> The Court is sympathetic with respondent's concern that his child is not attending a proper high school. However, the Court believes that KRS 403.213(3) should be interpreted liberally. Therefore, the evidence of record in this case establishes that Rusty Smiley is enrolled in a program that can produce a high school degree. Therefore the court feels compelled to require child support to continue to be paid through the school year in which Rusty reaches the age of nineteen (19).

This appeal followed.

Appellant contends that, without his consent or approval, his child was withdrawn from a Kentucky high school and then enrolled in an Illinois correspondence school. He urges that KRS 403.213(3) was not intended by the legislature to apply to such schools. He asserts that the statute instead was intended to apply only to public and/or private schools which are located in Kentucky, and which involve regular school attendance and supervision. We disagree with his contention.

■ The statute clearly is intended to encourage young persons to continue their educations and to obtain their high school diplomas by requiring any noncustodial parent to continue paying child support during the school year in which a particular child reaches the age of nineteen, provided the child is a "high school student." Nothing in the statute's language requires either that the high school be located in Kentucky, or that it be a regular public or private high school rather than a correspondence home school program. Since the statute's goal is to encourage students to graduate from high school, and to provide support while they are in the process of doing so, it makes little sense to disqualify a student from receiving child support simply because he or she is pursuing a diploma from a nontraditional high school. Indeed, if appellant's contention was correct, Kentucky students who attended Kentucky nontraditional school programs, such as state-sanctioned GED programs, would not be eligible to receive continued support payments past their eighteenth birthdays. We agree with the trial court that such a narrow interpretation of the statute would not be warranted, as it would have the effect of potentially discouraging many marginal students from attempting to obtain the equivalent of high school diplomas from state-sanctioned nontraditional sources, in violation of the public's interest.

■ Here, it is undisputed that appellant's son has now obtained an Illinois high school diploma from the fully-accredited American School. There is nothing in the record to suggest that the school is a sham operation, or that it does not provide an adequate education to its students which is substantially equivalent to that which might be obtained in a traditional Kentucky public school. That being so, it follows that there is no basis for us to conclude that the trial court erred by finding that appellant's son, while enrolled in the Illinois school, was a "high school student" for purposes of KRS 403.213(3).

For the reasons stated, the court's order is affirmed.

ALL CONCUR.