COMMONWEALTH of Kentucky, ex rel, Retta E. FRANCIS (now Phelps), Appellant,

v.

Brent A. FRANCIS.

No. 2003–CA–002130–MR.

Court of Appeals of Kentucky.

Aug. 20, 2004.

Rehearing Denied Oct. 18, 2004.

H.B. Quinn, Cadiz, KY, for appellant.

B. Todd Wetzel, Princeton, KY, for appellee.

Before COMBS, Chief Judge; MINTON and VANMETER, Judges.

*OPINION*

COMBS, Chief Judge.

The Commonwealth of Kentucky, on behalf of Retta E. Francis (now Phelps), appeals from an order entered by the Caldwell Circuit Court. The trial court refused to extend Brent Francis's obligation to provide child support for the benefit of his emancipated daughter. The Commonwealth contends that enrollment of the parties' child in a home-school program qualified her as a "high school student" for purposes of KRS[1] 403.213(3) in order that court-ordered child support should continue until her completion of the school year in which she attained the age of nineteen. We agree. Thus, we reverse.

The parties divorced in 1994, and Brent was ordered to pay support for his chil-

---

1. Kentucky Revised Statutes.

dren, Shawn and Tessa. After Shawn was emancipated, Brent's obligation to provide support for his benefit terminated. On August 2, 2001, Tessa became eighteen years of age. Although she was still enrolled in a private, Christian, home-school program, Brent terminated her child support payments.

By motion filed March 20, 2002, the Commonwealth sought to have Brent held in contempt for his failure to tender support payments for Tessa's benefit. Pursuant to the provisions of KRS 403.213(3), it contended that Brent was required to continue making child support payments while Tessa remained enrolled in the home-school program—even though she had reached the age of majority. In his response, Brent denied that he was required to continue the support payments since the home-school program was "not legitimate and is merely an attempt . . . to improperly extend [his] child support obligation."

Following a hearing on the motion, the trial court ordered the matter continued until November 2002. It was anticipated that Tessa would have completed her home-school program by that date, and the Commonwealth was directed to produce for inspection the diploma awarded to her.

In September 2002, the Commonwealth produced various documents prepared by the Christian Liberty Academy School System, an institution affiliated with Christian Liberty Academy, an unaccredited day school located in Arlington Heights, Illinois.[2] These documents indicated that the academy provided its home-school students and their parents with achievement tests, textbooks matching an appropriate curriculum, teacher manuals, and lesson planners. The institution graded students' tests, kept scholastic records, and issued report cards and transcripts. The documents also indicated that upon graduation, students were awarded diplomas from Christian Liberty Academy.

A Certificate of Enrollment indicated that as of July 23, 2001, Tessa was enrolled in the 12th grade and would be expected to complete graduation requirements by November 2002. The certificate indicated that all enrolled students were required to attend at least 185 days of school and to "complete a prescribed course of study that is substantially equivalent to public instruction."[3] Report cards for Tessa's first and second quarter of the school year beginning November 1, 2001, through October 31, 2002, were also filed in the record.

In November, the matter was continued until December 6, 2002. On December 5, 2002, the Commonwealth filed a copy of Tessa's diploma from Christian Liberty Academy. The diploma, signed by the day school's headmaster and assistant headmaster, indicated that Tessa had satisfactorily completed the studies specified for graduation and had fulfilled all of the requirements of the school's curriculum.

On December 19, 2002, Brent filed a response challenging the legitimacy of Tessa's diploma. While he acknowledged that the diploma indicated that Tessa had completed course work required for graduation from the academy, Brent argued that

2. Christian Liberty Academy does not seek accreditation because it rejects governmental regulation, which it regards as unduly intrusive.

3. In order to earn her degree, Tessa was required to prepare a research paper, to complete four English credits, two and one-half economics credits, two government credits, four history credits, four Bible credits, two science credits, and two math credits (one of which had to be algebra I or a high level). Additionally, she had to meet physical education requirements and to participate in art and music lessons.

"the diploma does not indicate or state that Tessa Francis has completed a curriculum of course work approved by the State of Illinois or the State of Kentucky." Additionally, he argued, "the diploma itself does not establish that Tessa Francis was a full time high school student between her 18th and 19th birthday as contemplated by KRS 403.213." On January 16, 2003, the trial court ordered the Commonwealth to furnish proof that the diploma awarded to Tessa by Christian Liberty Academy "is equivalent to a high school degree and recognized as such in the Commonwealth of Kentucky."

On March 11, 2003, the Commonwealth submitted the affidavit of Elizabeth Cayce, the Caldwell County Schools' Director of Pupil Personnel. Cayce indicated that she was familiar with various home-school programs and home-school students. She stated that a diploma issued by a home-school program is equivalent to a traditional high-school degree. On April 2, 2003, Brent filed his response attacking the contents of Cayce's affidavit:

Nothing contained in the Affidavit of Ms. Cayce establishes that the Christian Liberty Academy "diploma" is anything more than a piece of paper generated by an out-of-state business with absolutely no connection to or affiliation with, the State Board of Education for the Commonwealth of Kentucky.

The parties finally agreed to submit the issue to the Director of Admissions of Murray State University.

By letter addressed to the court dated August 4, 2003, Mary E. Smith indicated that in order to be considered for admission to Murray State University, Tessa would be required to take the American College Testing (ACT) entrance examination and possibly the General Education Development (GED) test to validate her education. "So, to more directly answer your inquiry, the certificate you provided from Christian Liberty Academy would not stand on the same footing as a diploma from an accredited Kentucky high school." Ms. Smith concluded that:

being home schooled would not prevent [Tessa] from being admitted to Murray State. It just means that she would have to validate her educational preparation by performing well on national standardized tests.

On September 12, 2003, having concluded that the diploma awarded by Christian Liberty Academy was not equivalent to a high-school degree, the Caldwell Circuit Court entered an order denying the Commonwealth's motion to enforce Brent's child support obligation for the period running from September 2001 through May 2002. This appeal followed.

■ The Commonwealth argues that the trial court erred by failing to order the continuation of court-ordered child support while Tessa was still a high school student. We agree.

■ In *Smiley v. Browning*, Ky.App., 8 S.W.3d 887 (1999), we observed that the provisions of KRS 403.213(3) are intended to encourage young persons to continue their education and to obtain their high school diplomas by extending the payment of child support through the year in which a child reaches the age of nineteen—provided that the child is a "high school student." We held as follows:

Nothing in the statute's language requires either that the high school be located in Kentucky, or that it be a regular public or private high school rather than a correspondence home school program. Since the statute's goal is to encourage students to graduate from high school, and to provide support while they are in the process of doing so, it makes little sense to disqualify a stu-

dent from receiving child support simply because he or she is pursuing a diploma from a nontraditional high school. Indeed, if appellant's contention [that the statute applies only where the student is enrolled in a public or private school located in Kentucky that involves regular school attendance and supervision] was correct, Kentucky students who attended Kentucky nontraditional school programs, such as state-sanctioned GED programs, would not be eligible to receive continued support payments past their eighteenth birthdays. We agree with the trial court that such a narrow interpretation of the statute would not be warranted, as it would have the effect of potentially discouraging many marginal students from attempting to obtain the equivalent of high school diplomas from state-sanctioned nontraditional sources, in violation of the public's interest.

*Id.* at 889. We also noted in *Smiley* that nothing in the record suggested that the challenged school was a sham or that it failed to provide an education that was substantially equivalent to that which might be obtained in a traditional Kentucky public school. Therefore, we concluded that the trial court had not erred by finding that a child enrolled in an accredited Illinois correspondence school was a "high school student" for purposes of KRS 403.213(3).

The record in this case indicates that after her eighteenth birthday, Tessa continued to participate in a home-school program affiliated with an Illinois day school. While the program is clearly not affiliated with an accredited institution, the Caldwell County School System conducted an inspection in April 2000 and was duly persuaded that the requirements for compulsory school attendance in Kentucky were being satisfied by Tessa's participation. In a letter filed with the Caldwell District Court, the school system reported that Tessa was receiving appropriate instruction in history, science, government, literature, grammar, composition, and math. The report also noted that Tessa's mother and stepfather were actively involved with lesson planning and the scheduling of her workload to insure its timely completion. The report indicated that Tessa had taken the California Achievement Test, and her report cards from Christian Liberty Academy indicated that she was continuing to perform well in this non-traditional setting.

Nothing in the record before us supports Brent's assertion that the home-school program is spurious or illegitimate. On the contrary, all reports indicate that the program provided to Tessa an education substantially equivalent to that which she might have obtained in a traditional public school. Consequently, we conclude that the trial court erred by failing to find that Tessa was a "high school student" for purposes of KRS 403.213(3).

The order of the Caldwell Circuit Court is reversed, and this matter is remanded for entry of an order consistent with this opinion.

ALL CONCUR.