RENDERED: AUGUST 5, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0514-MR

JEFFREY DALE DONOVAN                           APPELLANT


                   APPEAL FROM DAVIESS FAMILY COURT
v.            HONORABLE JOHN M. MCCARTY, SPECIAL JUDGE
                     ACTION NO. 18-CI-01120


STEPHANIE RENEE DONOVAN                  APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, MAZE, AND MᴄNEILL, JUDGES.

MAZE, JUDGE: Jeffrey Dale Donovan (Jeffrey) appeals from that portion of the

Daviess Family Court's order entered January 22, 2021, denying his motion for

relief pursuant to CR[1] 60.02(d), (e), and (f) from the family court's *pendente lite*

order requiring him to pay child support beyond his child's eighteenth birthday.

---

[1] Kentucky Rules of Civil Procedure.

Although we find that the family court committed a procedural error in applying the one-year limitations period of CR 60.02(a), (b), and (c) to Jeffrey's motion, we affirm the court's ruling on the merits.

Jeffrey and Stephanie Renee Donovan (Stephanie) were married on June 28,1997 in Daviess County. One child was born of that marriage. At the time of Stephanie's petition for dissolution of marriage, filed on November 7, 2018, that child had reached the age of majority. Nevertheless, a *pendente lite* order was entered March 12, 2019, requiring Jeffrey to pay child support on the grounds that she was in the process of obtaining the equivalent of a high school diploma.

On October 8, 2020, Jeffrey filed his CR 60.02 motion seeking relief from that order, based upon his assertion that the child was no longer seeking to obtain her high school diploma or its equivalent. Stephanie filed her response on October 16, 2020, and on January 22, 2021, the family court entered its "Order on Respondent's CR 60.02 Motion, Order on Petitioner's Motion for Contempt, Findings of Fact, Conclusions of Law, and Decree of Dissolution of Marriage." The family court found that because Jeffrey's motion was filed "nearly seventeen (17) months after the initial entry of judgment[,]" it was untimely. The court further held that Jeffrey's motion must fail on the merits, since KRS[2] 403.213(3)

---

[2] Kentucky Revised Statutes.

authorizes a continued child support obligation beyond the age of eighteen where the child is still in high school.

## I. TIMELINESS PURSUANT TO CR 60.02:

This Court reviews family court decisions on issues arising under CR 60.02 pursuant to an abuse of discretion standard. *Snodgrass v. Snodgrass*, 297 S.W.3d 878, 884 (Ky. App. 2009).

CR 60.02 states that, "[t]he motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken." Jeffrey's CR 60.02 motion specifically requests relief pursuant to sections (d), (e), and (f). Such motions are subject to the "reasonable time" limitation, not the one-year limitation relied upon by the family court. Clearly, the family court erred in finding that Jeffrey's CR 60.02 motion was untimely.

However, as stated in *Brewick v. Brewick*, 121 S.W.3d 524, 527 (Ky. App. 2003), "an appellate court may affirm a trial court for reasons other than those relied on by the trial court, so long as such is sustainable under the record[.]"

## II. CHILD SUPPORT:

Appellate review of child support awards is also subject to the abuse of discretion standard. *Holland v. Holland*, 290 S.W.3d 671, 674 (Ky. App. 2009). *See also Nelson v. Ecklar*, 588 S.W.3d 872 (Ky. App. 2019). Such decisions are to

be "fair, reasonable, and supported by sound legal principles." *Seeger v. Lanham*, 542 S.W.3d 286, 298 (Ky. 2018) (citation omitted).

In reaching its decision as to the *pendente lite* award of child support, the family court relied upon the case of *Smiley v. Browning*, 8 S.W.3d 887, 889 (Ky. App. 1999), in which the Court concluded that KRS 403.213(3) permits a child support award to be granted for a child beyond the age of eighteen, even where the child attends a "nontraditional school program." The Court specifically included "state-sanctioned GED programs," as included in the broad category of "high school," concluding that "a narrow interpretation of the statute would not be warranted, as it would have the effect of potentially discouraging many marginal students from attempting to obtain the equivalent of high school diplomas from state-sanctioned nontraditional sources, in violation of the public's interest." *Smiley*, 8 S.W.3d at 889. This remains the prevailing standard for child support beyond the age of majority. *Commonwealth ex rel. Francis v. Francis*, 148 S.W.3d 805, 808 (Ky. App. 2004).

Jeffrey argued in his motion pursuant to CR 60.02 that the *pendente lite* order should be vacated since she "did not continue schooling for her high school education as proffered by the Petitioner[.]" He also stated the award "may have been based on statements with [sic] the Petitioner knew was false[.]" In her response to Jeffrey's CR 60.02 motion, Stephanie stated that, "the child did in fact

continue schooling for her high school education as she proferred in her testimony."

In his brief Jeffrey asserted that Stephanie "admitted" that the child "did not attempt to get her G.E.D." The record, as presented to this Court, indicates that the *pendente lite* order from which Jeffrey sought relief was heard on January 28, 2019, and entered on March 12, 2019. The CR 60.02 motion that is the subject of this appeal was filed on October 8, 2020 and heard on October 12, 2020. If Stephanie made such an admission, logic dictates that it would have been made at some time during the period between the hearing on the *pendente lite* order and the date on which his CR 60.02 motion was filed.

However, Jeffrey has failed to provide "ample supportive references to the record" demonstrating when said admission was made. CR 76.12(4)(c)(v). As stated in *Hallis v. Hallis*, 328 S.W.3d 694, 697 (Ky. App. 2010), "appellate advocates must separate the chaff from the wheat and direct the court to those portions of the record which matter to their argument." This Court has been provided one (1) original and one (1) copy of the DVD recording of the proceedings on March 19, 2021. No other video or transcribed materials were certified as part of the record herein. Therefore, the Court is without either the ability or the inclination to review Jeffrey's allegation as to a false statement or

admission and defers to the family court's judgment of the weight and credibility of the evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003).

Accordingly, we affirm the order of the Daviess Family Court.

McNEILL, JUDGE, CONCURS.

JONES, JUDGE, CONCURS IN RESULT AND FILES SEPARATE OPINION.

JONES, JUDGE, CONCURRING:  I concur with the majority with respect to the outcome of this appeal insomuch as Jeffrey has failed to identify where in the record Stephanie allegedly admitted the child did not actually continue with the pursuit of her GED following her eighteenth birthday.[3]  I write separately merely to clarify that I do not believe it was necessary or proper for either the parties or the family court to resort to CR 60.02.

First, the order at issue is referred to by Jeffrey as a "*pendente lite*" order.  A *pendente lite* order is a temporary order. *See Frances v. Frances*, 266 S.W.3d 754, 757 (Ky. 2008).  "[T]emporary orders are interlocutory in nature and, therefore, are not subject to CR 60.02 relief." *Hamblin v. Hamblin*, No. 2019-CA-

---

[3] While Jeffrey states in his brief that the child's "lack of continuation to receive her G.E.D., or return to high school was an undisputed fact that was admitted by [Stephanie,]" he fails to cite where in the record this Court would be able to locate such an admission by Stephanie.  A review of the family court's order indicates that "evidence and testimony [on Jeffrey's motion was] heard via Skype during a hearing on another issue on October 12, 2020."  This Court has not been provided with a recording of the October 12 hearing.  As the appellant, Jeffrey "bore responsibility for ensuring the appellate court received a complete record." *Gambrel v. Gambrel*, 501 S.W.3d 900, 902 (Ky. App. 2016).

000823-ME, 2020 WL 2296984, at *3 (Ky. App. May 8, 2020). Accordingly, application of CR 60.02 to the interlocutory order at issue in this case is unwarranted.

Second, the family court's original child support order was based on Stephanie's assertion that the child planned to continue pursuit of her GED making an award of child support beyond the child's eighteenth birthday appropriate. I understand Jeffrey's argument to be that, sometime after entry of the order, the child abandoned her efforts to obtain her GED and was not otherwise enrolled in high school. In other words, according to Jeffrey, the circumstances changed such that he should no longer be required to continue paying child support.

The purpose of CR 60.02 is to protect the finality of judgments except in the most extraordinary and unusual circumstances. *HP Hotel Management, Inc. v. Layne*, 536 S.W.3d 208, 213 (Ky. App. 2017). However, unlike most civil cases, final orders for child support are one of the few exceptions to the general finality rules and remain subject to modification by the family court. "A tribunal of this state that has issued a child support order consistent with the law of this state has and shall exercise continuing, exclusive jurisdiction to modify its child support order if the order is the controlling order[.]" KRS 407.5205(1). In a case where the circumstances have changed since entry of the original child support order, as argued by Jeffrey in this case, the proper way for a party to proceed is by

filing a motion to modify child support pursuant to KRS 403.213(1).  Since the family court retains jurisdiction to modify the award, it is unnecessary to resort to CR 60.02.


BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Steven L. Boling
Owensboro, Kentucky