**Nancy STEWART, Appellant,**

v.

**Onzie (Mrs. James) LAWSON, Appellee.**

Court of Appeals of Kentucky.

Feb. 21, 1969.

Sampson B. Knuckles, Barbourville, for appellant.

Charles G. Cole, Cole & Cole, Barbourville, for appellee.

STEINFELD, Judge.

Nancy Stewart, a pedestrian, claimed that Onzie Lawson negligently operated an automobile on U.S. Highway 25 causing it to strike Nancy as she was crossing the highway. The complaint substantially followed official form number eight. The answer was a general denial and a plea of contributory negligence. Onzie requested certain admissions to which Nancy responded. CR 36.01. Onzie relied solely on the pleadings, the request for admissions and the answers, and claimed that they showed "that there is no genuine issue as to any material fact and that (she was) entitled to a judgment as a matter of law." CR 56.02. She moved for summary judgment. CR 56.03. After hearing argument of counsel, but with nothing else before it, the lower court sustained the motion. and dismissed the complaint. From that judgment Nancy appeals. We reverse.

The parties made many statements in briefs as to how the accident happened but the record does not support the statements nor refute them. The pleadings, while adequate to state and deny a claim properly are devoid of detail. CR 8.01. "The purpose of this Rule is to assign to pleadings the function of giving notice and formulating true issues without the requirement that they detail every fact which in the past may have been necessary to constitute a formal 'cause of action' or a defense. The common law concept of pleading to an issue is completely abandoned." 6 Ky. Practice, Clay 128.

The appellee contends that the admissions showed that there was no issue of material fact and that the granting of the summary judgment was warranted. We do not agree. The pleadings and admissions, the entire record before the trial court, did not rule out all factors which could be negligence of appellee nor did they contain a judicial admission against claimant or show that she was contributorily negligent as a matter of law.

In Isaacs v. Cox, Ky., 431 S.W.2d 494 (1968), we reiterated and again approved the rule:

"The movant should not succeed unless a right to judgment is shown with such clarity that there is no room left for controversy and it is established that the adverse party cannot prevail under any circumstances."

The movant here did not meet that test. Conley v. Hall, Ky., 395 S.W.2d 575 (1965); Roberts v. Davis, Ky., 422 S.W.2d 890 (1968), and Totten v. Parker, Ky., 428 S.W.2d 231 (1968).

The judgment is reversed for proceedings consistent herewith.

All concur except MONTGOMERY, C. J.