**Phillip A. KING, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Nos. 2010–CA–000394–MR, 2010–CA–000566–MR, 2010–CA–000481.

Court of Appeals of Kentucky.

Sept. 28, 2012.

Phillip A. King, Coleman, FL, pro se.

Jack Conway, Attorney General of Kentucky, Perry T. Ryan, Assistant Attorney General, Frankfort, KY, for Appellee.

Before CAPERTON, COMBS, and NICKELL, Judges.

### OPINION

COMBS, Judge:

Phillip King appeals the denials of three motions in which he sought to overturn his convictions in three separate cases. All of the appeals are time-barred. Therefore, we affirm the Jefferson Circuit Court and the Marion Circuit Court in denying the motions.

The underlying facts are somewhat complicated. However, it is the procedural history that is pertinent to this appeal. Three pleas of guilty are involved. On July 11, 1997, King pled guilty to traffick-

ing in marijuana (more than eight ounces) in Jefferson Circuit Court. He was sentenced to three-years' incarceration. While on probation, he was arrested for trafficking in cocaine. On October 25, 2001, King pled guilty to criminal conspiracy to trafficking in cocaine in Jefferson Circuit Court. He was sentenced to ten years, to be served consecutively to the marijuana trafficking sentence. On October 16, 2002, King pled guilty to escape in the second degree in Marion Circuit Court and received a sentence of five-years' incarceration. King did not appeal any of the convictions directly.

In May 2005, King was indicted by the United States District Court for the Northern District of Illinois of conspiracy to violate the controlled substances act. The record does not indicate whether he pled guilty or was convicted by a jury, but it reflects that King was sentenced on October 25, 2005. Because of his Kentucky convictions, King received an enhanced sentence of two hundred twenty-two (222) months in Illinois.

In January 2010, King filed motions both in Jefferson Circuit Court and in Marion Circuit Court pursuant to Kentucky Rule[s] of Criminal Procedure (RCr) 11.42 relating to all three Kentucky convictions. He alleged that he received ineffective assistance of counsel in all three guilty pleas because he had not been warned that the convictions could result in the enhanced federal sentence. All three motions were denied by their respective courts. These appeals followed.

The Jefferson Circuit Court denied King's motions on the basis that they were time-barred. While the record does not contain the findings of fact and conclusions of law of the Marion Circuit Court, we believe that the same reasoning applies to

all three motions. It is proper for us to affirm the trial court for any reason. See *O'Neal v. O'Neal*, 122 S.W.3d 588, 589 (Ky.App.2002) (*citing Old Republic Ins. Co. v. Ashley*, 722 S.W.2d 55, 58 (Ky.App. 1986)).

RCr 11.42(10) mandates that:

Any motion under this rule shall be filed within three years after the judgment becomes final, unless the motion alleges and the movant proves either:

(a) that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence; or

(b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.

It is obvious that King's RCr 11.42 motions filed in 2010 were more than three years past his convictions in 1997, 2001, and 2002. However, it is conceivable that his alleged action accrued at the time King received his enhanced federal sentence[1]—when the facts of the claim were made known. The only reference in the record to the date of his federal sentence is October 25, 2005; the latest date on which an RCr 11.42 motion could have been filed was October 25, 2008. Thus, King's motions were still filed outside the time period prescribed by RCr 11.42(10)(a). King argues that he was not aware that the convictions were the cause of his enhanced sentence until sometime in 2009. However, he fails to cite to the record for proof. If evidence is missing from the record, we must assume that the trial court's decision is supported by the record. *See Smith v. Smith*, 235 S.W.3d 1,

---

[1]. One must speculate about the foreseeability of the state pleas predating the federal indictment and how an attorney could be held to anticipate the subsequent federal indictment.

5 (Ky.App.2006); *Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky.1985).

King also argues that the exception provided by RCr 11.42(10)(b) applies in this case. He urges us to consider *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). However, *Padilla* is narrowly written to apply to the consequences of guilty pleas solely in the context of immigration, and we cannot expand its scope. In *Padilla*, the defendant affirmatively asked about immigration consequences and was given a wrong answer. On the other hand, we note that when King entered his plea in Marion County, the court was careful to advise him that his guilty plea could result in harsher sentences for future crimes in the Commonwealth. King was not unfamiliar with the notion of enhanced sentences resulting from past crimes.

Therefore, we agree with the Jefferson and Marion Circuit Courts that King did not receive ineffective assistance of counsel. We affirm the denial of all three motions.

ALL CONCUR.