Denver E. **GAMBREL**, Appellant

v.

Crystal F. **GAMBREL**, Appellee

**NO. 2016–CA–000028–ME**

Court of Appeals of Kentucky.

RENDERED: JUNE 10, 2016; 10:00 A.M.

BRIEF FOR APPELLANT: Kenneth A. Meredith, II, Bowling Green, Kentucky.

BRIEF FOR APPELLEE: Rebecca A. Simpson, Bowling Green, Kentucky.

BEFORE: DIXON, J. LAMBERT, AND NICKELL, JUDGES.

*OPINION*

NICKELL, JUDGE:

Denver E. Gambrel (Denver) appeals from the Warren Circuit Court's entry of a domestic violence order (DVO) against him at the request of his former wife, Crystal F. Gambrel (Crystal). The DVO prohibits Denver from coming within 300 feet of S.W., the eleven-year-old stepdaughter he struck with a belt, and B.G., his five-year-old daughter who was in the home when the incident occurred. Additionally, Denver is allowed only supervised visitation with B.G. Having reviewed the briefs, the law and the record provided to us, we affirm. A complete record was not provided to us and without the hearing culminating in entry of the DVO, we cannot review the factual findings the court made on the record but did not incorporate into the written order, nor can we determine whether there was sufficient evidence to justify entry of a DVO.

## FACTS

Though divorced in November 2014, Denver and Crystal reconciled and resumed living in the same home with the two girls. Crystal went on vacation during the latter part of October 2015. In her absence, the two girls were left in Denver's care.

Crystal was unaware anything untoward happened while she was traveling. Upon returning home, however, S.W. told her Denver—on or about October 9, 2015—had struck her with a belt when she washed dishes incorrectly. After the incident, daycare providers saw bruises on S.W. and upon questioning, S.W. revealed Denver had punished her. The daycare contacted social services and law enforcement, prompting a state trooper and a social worker to speak with S.W. at school on October 14, 2015.

A family photo was to be taken around October 27–28; it was cancelled due to Denver's work schedule. Upon learning what had occurred while she was away, Crystal confronted Denver on Halloween and he admitted striking S.W. A heated argument ensued resulting in a state trooper visiting the home. Thereafter, Crystal sought a protective order—not for herself—but for both girls.

The matter was heard November 9, 2015. Denver appeared with counsel; Crystal appeared alone. According to the briefs, Denver and Crystal were the only witnesses to testify at the hearing, but gave contradictory testimony. While electronic messages and official reports reportedly exist, apparently none were introduced during the hearing. At the conclusion of the hearing, the court entered a DVO. Rather than making written findings of fact in the order, the court simply wrote on the DVO, "specific findings on record incorporated by reference."

On December 2, 2015, a different attorney than the one who had represented Denver during the November 9 hearing entered an appearance on Denver's behalf and filed a notice of appeal five days later. On December 14, 2015, however, Denver's original attorney moved to modify the DVO to give Denver more freedom to see his daughter since there was no allegation she had been abused. As noted in Denver's brief, the motion to modify was filed outside the ten-day window stated in CR 59.05 for the filing of such a motion. No ruling on the motion appears in the record.

## ANALYSIS

■ On appeal, Denver alleges two errors. First, the trial court lacked sufficient evidence to enter a DVO, and second, the trial court abused its discretion in entering the DVO. Crystal argues the issues

are unpreserved and not subject to review. With this background we begin our brief analysis.

■ The appellant—in this case Denver—bore responsibility for ensuring the appellate court received a complete record. *Steel Techs., Inc. v. Congleton*, 234 S.W.3d 920, 926 (Ky.2007), *abrogated by Osborne v. Keeney*, 399 S.W.3d 1 (Ky.2012). He failed to carry his burden by not designating the November 9 hearing to be certified as part of the appellate record. Both Denver and Crystal cited the hearing throughout their briefs indicating they both had access to it and believed it was relevant to their positions.

Some attorneys might read these two sentences within CR [1] 98(3),

[t]he official video recordings, together with the clerk's written record, shall constitute the entire original record on appeal....

(a) Preparation and Certification by Clerk. The circuit court clerk shall prepare and certify the entire original record on file in his/her office.

. . . .

and assume the circuit clerk will automatically certify as part of the appellate record any event recorded on court equipment. In this case, such an assumption, if made, was fatal since the Warren Circuit Court Clerk [2] may have focused on another sentence in the same rule directing:

[t]o facilitate the timely preparation and certification of the record as set out in this rule, appellant or counsel for appellant, if any, shall provide the clerk with a list setting out the dates on which video recordings were made for all pre-trial and post-trial proceedings necessary for inclusion in the record on appeal.

While both interpretations may have merit, in this case they demonstrate a quandary for the bar and an impossible situation for the bench. Without the recorded hearing, we cannot review Denver's claims and must assume the content of the hearing supported the trial court's entry of the DVO. *King v. Commonwealth*, 384 S.W.3d 193, 194–95 (Ky.App.2012). Thus, without the ability to review Denver's claims on the merits, we affirm entry of the DVO.

We are constrained to reach this harsh result because each time we do not strictly apply the rules we erode them. We certainly hope this case serves as a warning to practitioners to carefully read and follow CR 98 to avoid missteps on behalf of their clients and to ensure a complete record—containing all relevant videos, CDs and DVDs—is certified to the appellate court. Additionally, we strongly encourage the Supreme Court of Kentucky to clarify this apparently grey area which predominantly occurs in family court practice to revise CR 98 to specify hearings resulting in a final determination (DVO, Dependency, Neglect and Abuse—DNA, Termination of Parental Rights—TPR, etc.) must be designated by the appellant to be included in the record on appeal, or circuit clerks must certify such hearings as part of the record automatically.

For the foregoing reasons, entry of the DVO is AFFIRMED.

DIXON, judge, concurs.

J. LAMBERT, judge, concurs and files separate opinion.

---

1. Kentucky Rules of Civil Procedure.

2. On close inspection of the certification of record, we noticed the "Yes" box for "CD/DVD RECORDINGS" was originally marked and then whited out and changed to "No." We do not know what precipitated this change.

J. LAMBERT, concurring:

I am bothered, as is the author of this opinion, by what I consider to be a "harsh result" in this case.

However, as is obvious, we cannot consider testimony in our decision making process which has not been provided to us; and, as the opinion states, "each time we do not strictly apply the rules we erode them."

Accordingly, I reluctantly concur in this opinion as written.