RENDERED:  AUGUST 21, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001307-MR

MATT DURRETT                               APPELLANT

                   APPEAL FROM JEFFERSON CIRCUIT COURT
v.             HONORABLE ANGELA MCCORMICK BISIG, JUDGE
                          ACTION NO. 18-CI-002145

IKO INDUSTRIES, INC.                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; TAYLOR AND L. THOMPSON,
JUDGES.

THOMPSON, L., JUDGE:  Matt Durrett appeals from an order which granted a

motion from IKO Industries, Inc. seeking to dismiss Appellant's complaint

pursuant to Kentucky Rules of Civil Procedure (CR) 12.02(f).[1] We find no error and affirm.

## FACTS AND PROCEDURAL BACKGROUND

Appellant had installed new shingles on his roof sometime in 2012. The shingles were sold by Appellee. Appellant alleges that sometime thereafter, the shingles were discovered to be defective. Appellant requested that Appellee replace the shingles and pay to have the new ones installed pursuant to a warranty which accompanied the shingles. When Appellant and Appellee were unable to come to an agreement, Appellant filed the underlying action on April 12, 2018. Appellant alleged that the shingles were defective and that Appellee refused to abide by the warranty. In addition, Appellant alleged that Appellee violated the Kentucky Consumer Protection Act because the failure to abide by the warranty was unconscionable and in bad faith.

Appellee was not properly served with the complaint leading to a slight delay in the proceedings. On October 22, 2018, Appellee filed a motion to dismiss the complaint pursuant to CR 12.02(f). One of the arguments raised in the motion was that Appellant's claims were untimely and brought outside the statute of limitations. Appellant responded to the motion and attached an alleged copy of the warranty at issue to his response. On February 27, 2019, the trial court heard

---

[1] Failure to state a claim upon which relief can be granted.

oral arguments. On March 21, 2019, the trial court entered an order granting the

motion to dismiss. The trial court held that Appellant's claims fell outside the

relevant statute of limitations.[2] The trial court also held that it was not going to

consider the warranty attached to Appellant's response. The court stated:

> Here, Durrett attached a copy of an IKO warranty to his Response. However, the document is marked "specimen." . . . Moreover, the fields provided for identification of the owner, contractor, date of application, product applied, and signatures are blank. . . . It is therefore not apparent from the face of the warranty that it applies to the shingles purchased by Durrett. Nor can the applicability of the warranty otherwise be determined from the record at this time. Thus, because it is not apparent at this time that the warranty attached to Durrett's Response applies to the present dispute, the Court will not consider it and will therefore treat IKO's Motion as one for dismissal under CR 12.02(f).[3]

Appellant filed a motion to alter, amend, or vacate, but that motion

was denied. This appeal followed.

## ANALYSIS

At issue here is Kentucky Revised Statutes (KRS) 355.2-725, which

states in pertinent part:

---

[2] The trial court set forth other reasons why Appellant's complaint should be dismissed; however, we believe the statute of limitations issue is determinative and will not address the other conclusions made by the court.

[3] We would also note that there was no affidavit from Appellant indicating that the warranty attached to his response to the motion to dismiss was the warranty he received back in 2012 or was similar to that warranty.

(1) An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Appellee argued before the trial court that the statute of limitations had run because the roofing materials were delivered in 2012 and the underlying action was not brought until 2018. This would be well beyond the 4-year limitation period. Appellant argued that the warranty that came with the shingles explicitly guaranteed the future performance of the goods; therefore, the statute of limitations did not begin to run until the shingles began to malfunction.

Here, the trial court dismissed the complaint; therefore, we must first discuss CR 8.01(1) and CR 12.02. CR 8.01(1) states:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (a) a short and plain statement of the claim showing that the pleader is entitled to relief and (b) a demand for judgment for the relief to which he deems himself entitled.

A pleading which sets forth a claim for relief must contain "a short and plain statement of the claim showing

-4-

that the pleader is entitled to relief and . . . a demand for judgment for the relief to which he deems himself entitled." Kentucky Rules of Civil Procedure (CR) 8.01. This Court has clarified that "[t]he true objective of a pleading stating a claim is to give the opposing party fair notice of its essential nature." *Cincinnati, Newport & Covington Transp. Co. v. Fischer*, 357 S.W.2d 870, 872 (Ky. 1962). . . . The purpose of CR 8.01 is to give notice and formulate issues without the requirement of detail. *Stewart v. Lawson*, 437 S.W.2d 733, 734 (Ky. 1969).

*Rose v. Ackerson*, 374 S.W.3d 339, 343 (Ky. App. 2012).

[A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 1959, 167

L.Ed.2d 929 (2007).

A CR 12.02(f) motion is a motion to dismiss based on a failure to

state a claim upon which relief can be granted.

We review dismissals under CR 12.02(f) *de novo.* CR 12.02(f) is designed to test the sufficiency of a complaint. . . . For purposes of a CR 12.02(f) motion, this Court, like the circuit court, must accept as true the plaintiff's factual allegations and draw all reasonable inferences in the plaintiff's favor.

*Hardin v. Jefferson County Board of Education*, 558 S.W.3d 1, 5 (Ky. App. 2018)

(citations omitted).

-5-

With the above in mind, we now turn to the dismissal in this case. Appellant's complaint was dismissed because the trial court held that over four years had passed since the shingles were purchased. In addition, the court found that "Durrett does not allege in his Complaint that IKO's warranty explicitly extended to future performance of the shingles. Thus, as currently plead [sic], Durrett's breach of warranty claim expired at the latest by the end of 2016." The trial court is correct. There is nothing in the complaint detailing the warranty or how long the warranty was in effect. The complaint also does not allege a date on which Appellant discovered the shingles were malfunctioning. Without this information, the trial court had to rely on the 4-year limitation period.

Complicating matters for Appellant is the fact that he did not attach a copy of the warranty to the complaint. When he did introduce the alleged warranty, the trial court refused to consider it for the reasons set forth above. Appellant did not make any argument on appeal challenging the trial court's refusal to consider the warranty he tried to introduce into evidence. This means that the trial court's refusal to accept the warranty is *res judicata* and we cannot review it.

Appellant also alleged Appellee violated the Kentucky Consumer Protection Act. This act makes it unlawful to use "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." *Sparks v.*

*Re/Max Allstar Realty, Inc.*, 55 S.W.3d 343, 347 (Ky. App. 2000) (footnote and citation omitted). The Kentucky Consumer Protection Act can also be triggered by "intentional or grossly negligent conduct[.]" *Id.* at 348.

The trial court dismissed this claim because Durrett's complaint did not "allege that IKO acted intentionally or with gross negligence." We agree with the trial court on this issue. The complaint alleged that Appellee did not honor the warranty, but without details of the warranty or the warranty being in evidence, it is impossible to determine if Appellee's actions were unfair, false, misleading, deceptive, intentional, or grossly negligent. The trial court did not err.

## CONCLUSION

Without the warranty being in evidence or any information in the complaint concerning the warranty's terms, the trial court had no choice but to determine that the KRS 355.2-725 statute of limitations time began to run on the date the shingles were delivered, which was sometime in 2012. The trial court did not err in dismissing Appellant's cause of action for being untimely. We find no error and affirm.[4]

---

[4] At the trial level, Appellant also raised an argument regarding the 15-year statute of limitations found in KRS 413.090. Appellant did not raise that issue on appeal.

CLAYTON, CHIEF JUDGE, CONCURS.

TAYLOR, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE
OPINION.


BRIEFS FOR APPELLANT:

J. Andrew White
Louisville, Kentucky

BRIEF FOR APPELLEE:

Christie A. Moore
Amanda L. Dohn
Louisville, Kentucky