RENDERED: AUGUST 21, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001374-MR

KENTUCKY CONGRESS OF PARENTS AND
TEACHERS, INC. D/B/A KENTUCKY PTA                    APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT,
v.           HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
ACTION NO. 19-CI-004860


JEFFERSON COUNTY PUBLIC SCHOOLS;
JEFFERSON COUNTY BOARD OF EDUCATION;
AND GAY ADELMANN                                      APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, JONES, AND KRAMER, JUDGES.

KRAMER, JUDGE: Kentucky Congress of Parents and Teachers, Inc. d/b/a

Kentucky PTA ("Kentucky PTA") appeals from an order of the Jefferson Circuit

Court requiring Jefferson County Public Schools ("JCPS") and the Jefferson

County Board of Education ("the Board") to turn over the financial records of

Kentucky PTA on file with the Board pursuant to Kentucky's Open Records Act ("KORA"; KRS[1] 61.870 *et seq.*). Because appellate review on the merits of Kentucky PTA's argument has been thwarted by the lack of an adequate record on appeal, we affirm.

The record before us indicates that on or about June 26, 2019, Gay Adelmann submitted a request to JCPS for the financial records of Kentucky PTA pursuant to KORA. On August 9, 2019, Kentucky PTA filed the instant action in Jefferson Circuit Court, seeking injunctive relief to prevent either the Board or JCPS from turning over the financial records to Adelmann. The complaint alleged that the financial records of Kentucky PTA were excluded from the provisions of KORA because the records were "confidential and proprietary" pursuant to KRS 61.878(1)(c). Kentucky PTA also filed a "motion for *ex parte* restraining order" on the same date the complaint was filed. The motion was not noticed for a hearing before the circuit court.

The circuit court held a hearing on August 15, 2019. The circuit court subsequently entered an order on August 27, 2019, which required the Board to turn over Kentucky PTA's financial records to Adelmann pursuant to KORA. This appeal followed.

---

[1] Kentucky Revised Statute.

We must first note that Kentucky PTA has not filed a designation of record pursuant to CR[2] 75.01. While we acknowledge that it is the appellant's responsibility to designate the appellate record,[3] both Kentucky PTA and Adelmann point to arguments made during the hearing conducted by the family court on August 15, 2019, in their briefs to this Court.[4] That hearing is not in the record before us. Without it, the scant record before us provides nothing to review with regard to how the circuit court arrived at its order. Kentucky PTA characterizes the hearing as a "temporary injunction hearing,"[5] but points to nothing in the record in support of that assertion. Indeed, there is no scheduling order contained in the record, nor is there a motion noticed for that date. Conversely, Adelmann asserts that, as a result of the hearing, "the [circuit] court was sufficiently advised and needed no further information."[6]

There is controlling precedent when the record before this Court is incomplete. To wit,

> if appellant's position is that the evidence does not support the trial court's finding and judgment, there is no

---

[2] Kentucky Rule of Civil Procedure.

[3] *See Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky. 1985).

[4] We note, however, that neither party cites specifically to the video recording of the hearing, which is a violation of CR 76.12(4)(c)(v).

[5] *See* page 3 of Kentucky PTA's brief.

[6] *See* page 3 of Adelmann's brief.

[video recording or] transcript of it against which we can measure the soundness of the findings. On appeal, the trial court's findings of fact will not be disturbed unless they are clearly erroneous. CR 52.01. When the evidence is not presented for review, this court is confined to a determination as to whether the pleadings support the judgment and on all issues of fact in dispute we are required to assume that the evidence supports the findings of the lower court.

*McDaniel v. Garrett*, 661 S.W.2d 789, 791 (Ky. App. 1983) (citation omitted).

Thus, without the recorded hearing, we must assume the content of the hearing supported the circuit court's order. *Id.* Further, an attorney practicing before this Court must not assume that the circuit court clerk will certify all recorded hearings as part of the record pursuant to CR 98 without a specific designation.[7] *Gambrel v. Gambrel*, 501 S.W.3d 900, 902 (Ky. App. 2016) (citing *King v. Commonwealth*, 384 S.W.3d 193, 194-95 (Ky. App. 2012)).

---

[7] *See* CR 98(3) which states, in relevant part

Unless otherwise ordered by the court, no transcript of court proceedings shall be made a part of the record on appeal except as provided in Paragraph 4 of this rule. The official video recordings, together with the clerk's written record, shall constitute the entire original record on appeal. To facilitate the timely preparation and certification of the record as set out in this rule, appellant or counsel for appellant, if any, shall provide the clerk with a list setting out the dates on which video recordings were made for all pre-trial and post-trial proceedings necessary for inclusion in the record on appeal. Designation of the video recordings shall be filed within the ten (10) day time limitation and in the manner described in Rule 75.01(1). Supplemental designation by other

As in *Gambrel*, we acknowledge that this result may seem harsh to parties practicing before this Court. However, "each time we do not strictly apply the rules we erode them. We certainly hope this case serves as a warning to practitioners to carefully read and follow CR 98 to avoid missteps on behalf of their clients and to ensure a complete record—containing all relevant videos, CDs and DVDs—is certified to the appellate court." *Id.* "We will not reiterate all that has been said too many times before on [the subject of compliance with procedural rules]. If a lawyer is curious about the importance of these procedural rules or the practical reasons for following them, we recommend reading these opinions in chronological order: *Commonwealth v. Roth*, 567 S.W.3d 591 (Ky. 2019); *Koester v. Koester*, 569 S.W.3d 412 (Ky. App. 2019); *Hallis v. Hallis*, 328 S.W.3d 694 (Ky. App. 2010); *Elwell v. Stone*, 799 S.W.2d 46 (Ky. App. 1990)." *Clark v. Workman*, ____ S.W.3d ___, No. 2019-CA-000805-ME, 2020 WL 3582597, at \*2 (Ky. App. June 26, 2020) (designated to be published).

In light of the foregoing, we AFFIRM the judgment of the Jefferson Circuit Court.

ALL CONCUR.

---

parties shall likewise conform with the requirements of Rule 75.01(1).

BRIEF FOR APPELLANT:

S. Coy Travis
Hillview, Kentucky

BRIEF FOR APPELLEE
GAY ADLEMANN:

Anna Stewart Whites
Frankfort, Kentucky

BRIEF FOR APPELLEE
JEFFERSON COUNTY BOARD OF
EDUCATION:

C. Tyson Gorman
Louisville, Kentucky