RENDERED: JANUARY 29, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0792-MR

LINDA RICHARDSON NEACE                                    APPELLANT

v.
APPEAL FROM BREATHITT CIRCUIT COURT
HONORABLE FRANK ALLEN FLETCHER, JUDGE
ACTION NO. 16-CI-00053

KENNETH SCOTT COOMER                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, KRAMER, AND MAZE, JUDGES.

CALDWELL, JUDGE: The Appellant, Linda Richardson Neace (Neace), filed a

petition for a permanent injunction in the Breathitt Circuit Court to enjoin the

Appellee, Kenneth Scott Coomer (Coomer), from blocking access to a driveway

which provided access to her property through a portion of his property. The trial

court entered findings of fact and conclusions of law determining that neither party

should impede access of the other to the driveway and that both landowners had an

easement to use the driveway that traversed the land of each of them. Having reviewed the findings of fact and conclusions of law of the trial court, we affirm.

## FACTS

Neace filed a petition for a permanent injunction in the Breathitt Circuit Court in March of 2016. Neace alleged that Coomer was blocking passage to a portion of a driveway which provided access to her residence. In the attached affidavit, she alleged she was the owner of a tract of land to which a driveway, which existed at the time she purchased the property and had existed for over fifteen (15) years prior to her purchase, provided ingress and egress. Neace also alleged her access to a portion of the driveway had been blocked. However, she did not state in the affidavit who was blocking her access.

In a response through counsel, Coomer denied blocking Neace's access to that portion of the driveway that was upon land he alleged he owned. In his prayer for relief, Coomer requested an order acknowledging that he had a prescriptive easement over the portion of the driveway that was upon Neace's property.

A temporary injunction was then sought by Neace. A hearing was held on November 1, 2016, and the trial court heard the testimony of Neace and Coomer. The trial court granted a temporary injunction prohibiting Coomer from using "the driveway across the property" of Neace except during daylight hours

and only to travel upon the driveway to travel to his property for a specific purpose; apparently, Coomer did not have a residence on the property.

The trial court ordered mediation, but it was unsuccessful as in January of 2017, Neace filed a motion for summary judgment seeking issuance of the permanent injunction she had initially requested from the trial court. Coomer responded with a motion to hold the motion for summary judgment in abeyance until he could depose the son of the original owner of the property from which both Neace's and Coomer's parcels derived. The trial court held the summary judgment motion in abeyance and set a trial date.

The only video certified in the record by the trial court is a motion hour which occurred on July 21, 2017, at which counsel for both parties appeared and discussed the matter with the trial court. At that time, the trial court ordered counsel to brief their positions within thirty (30) days.

Counsel for Coomer filed a memorandum of law while counsel for Neace filed a brief in support of the motion for summary judgment. Neace filed a motion for contempt in October of 2017, after she alleged Coomer had placed metal stakes in the driveway and one of the stakes had damaged a tire on her vehicle. The outcome of this motion for contempt is unclear as the trial court apparently entered no written order, and Neace did not designate the date for which the motion was noticed as part of the record on appeal.

In December of 2017, in response to a motion by Coomer, the trial court amended the temporary injunction to allow Coomer to use the driveway until 8:30 PM. The prior order prohibiting his use after sunset had been rendered unreasonable by the change of season and the resultant loss of daylight hours.

The next autumn, in September of 2018, counsel for Coomer filed a motion requesting a trial date. A bench trial was scheduled by the court for February 11, 2019. By order entered after the trial, the parties were to provide proposed findings of fact and conclusions of law by April 3, 2019.

On April 16, 2019, the trial court entered findings of fact and conclusions of law. The court found the parties owned adjoining tracts of property in Breathitt County which had both been part of property owned by Roy and Martha Hays beginning in the 1940s. The court held Neace had purchased her portion of the property from descendants of the Hayses in 2005, while Coomer had purchased his portion from the Breathitt County Master Commissioner of 2013. The property purchased by Coomer had been previously owned by different descendants of the Hayses. The trial court found that Neace and her predecessors in title had "continuously used the road to access the property" that she now owned and that Coomer and his predecessors in title had "continuously used the road to access the property" that he now owned. The court then concluded that Neace and Coomer each had an "express and/or prescriptive easement over the road which

-4-

currently accesses the property" acquired by each of them. The court held that each maintained "all of the rights and privileges to utilize the road in any manner which does not interfere with the rights of each other, or, of any other persons using the road." The order expressly granted Neace the right to utilize that portion of the driveway which was upon Coomer's property "by prescription" and ruled that title to that portion of the land remained with Coomer. Further, the court held that all pronounced easements would "run with the land" and that neither party would have the right to block access to the easements by any other person.

Neace has appealed, arguing that the trial court erred in granting an easement to Coomer as he did not present such claim as a counterclaim and only in the prayer for relief of his answer. We affirm the trial court.

## STANDARD OF REVIEW

On appeal, factual determinations made by the Circuit Court after a bench trial "shall not be set aside unless they are clearly erroneous; that is, not supported by substantial evidence." *Patmon v. Hobbs*, 280 S.W.3d 589, 593 (Ky. App. 2009) (citing *Cole v. Gilvin*, 59 S.W.3d 468, 472 (Ky. App. 2001)); Kentucky Rules of Civil Procedure (CR) 52.01. Questions of law determined by the trial court are reviewed *de novo*. *Gosney v. Glenn*, 163 S.W.3d 894 (Ky. App. 2005). For reasons stated below, we are unable to review the factual findings of

the trial court and will engage in a *de novo* analysis of the trial court's conclusions of law.

## ANALYSIS

Neace argues that the trial court erred when it declared that Coomer had a prescriptive and/or express easement when he had never sought such, having only made such request for a finding in his original answer in the prayer for relief, rather than in a counterclaim.

> A pleading which sets forth a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief and . . . a demand for judgment for the relief to which he deems himself entitled." Kentucky Rules of Civil Procedure (CR) 8.01. This Court has clarified that "[t]he true objective of a pleading stating a claim is to give the opposing party fair notice of its essential nature." *Cincinnati, Newport & Covington Transp. Co. v. Fischer*, 357 S.W.2d 870, 872 (Ky. 1962). . . . The purpose of CR 8.01 is to give notice and formulate issues without the requirement of detail. *Stewart v. Lawson*, 437 S.W.2d 733, 734 (Ky. 1969).

*Rose v. Ackerson*, 374 S.W.3d 339, 343 (Ky. App. 2012).

The purpose of modern notice pleading rules is simply that a party has notice of the claims the opposing party might be making.

> The purpose of this Rule is to assign to pleadings the function of giving notice and formulating true issues without the requirement that they detail every fact which in the past may have been necessary to constitute a formal 'cause of action' or a defense. The common law concept of pleading to an issue is completely abandoned. *Stewart v. Lawson*, 437 S.W.2d 733, 734 (Ky. 1969).

"All pleadings shall be so construed as to do substantial justice." *Id.* at 734, citing CR 8.06.

*Louisville-Jefferson Cty. Metro Gov't v. Martin*, No. 2007-CA-001629-MR, 2009 WL 1636270, at *5 (Ky. App. Jun. 12, 2009).

Further, modern liberal pleading requires review of substance over form. *McCollum v. Garrett*, 880 S.W.2d 530, 533 (Ky. 1994) ("[A] pleading [should] be judged according to its substance rather than its label or form.").

In his answer to the petition for a permanent injunction, filed in 2016, Coomer requested that the trial court acknowledge that both parties had a right to use the driveway, portions of which are upon the property of each. It cannot be cognizably argued that Neace was not aware that Coomer was requesting that the trial court determine the relative rights of the parties as to the use of the driveway. The request in his prayer for an order of the court reflecting he had a prescriptive easement to use the driveway which touches Neace's property is sufficient to notify her of his intention to seek such from the trial court.

Neace does not raise any issue specifically with the fact finding of the trial court, and the failure to properly designate the record hampers our ability to review the findings of fact for error; Neace's designation of record designated the bench trial as having occurred on "February 11, 2017" when, in actuality, the record supports that the bench trial, wherein all evidence was received by the court, occurred on February 11, 2019. The circuit court clerk provided only video record

-7-

for one correctly designated date in the designation filed by Neace, a July 21, 2017 motion hour at which only the attorneys appeared and no evidence was taken. No citations to the trial appear in Neace's brief to this Court.

> The appellant . . . bore responsibility for ensuring the appellate court received a complete record. *Steel Techs., Inc. v. Congleton*, 234 S.W.3d 920, 926 (Ky. 2007), *abrogated by Osborne v. Keeney*, 399 S.W.3d 1 (Ky. 2012). He failed to carry his burden by not designating the . . . hearing to be certified as part of the appellate record.
>
> Some attorneys might read these two sentences within CR 98(3),
>
>> [t]he official video recordings, together with the clerk's written record, shall constitute the entire original record on appeal. . . .
>>
>> (a) Preparation and Certification by Clerk. The circuit court clerk shall prepare and certify the entire original record on file in his/her office.
>> . . . .
>
> and assume the circuit clerk will automatically certify as part of the appellate record any event recorded on court equipment. In this case, such an assumption, if made, was fatal since the . . . Circuit Court Clerk may have focused on another sentence in the same rule directing:
>
>> [t]o facilitate the timely preparation and certification of the record as set out in this rule, appellant or counsel for appellant, if any, **shall** provide the clerk with a list setting out the dates on which video recordings were made for all pre-trial and post-trial proceedings necessary for inclusion in the record on appeal.

While both interpretations may have merit, in this case they demonstrate a quandary for the bar and an impossible situation for the bench. Without the recorded hearing, we cannot review [Appellant's] claims and must assume the content of the hearing supported the trial court's entry of the [Order]. *King v. Commonwealth*, 384 S.W.3d 193, 194-95 (Ky. App. 2012). Thus, without the ability to review [Appellant's] claims on the merits, we affirm entry of the [Order].

We are constrained to reach this harsh result because each time we do not strictly apply the rules we erode them. We certainly hope this case serves as a warning to practitioners to carefully read and follow CR 98 to avoid missteps on behalf of their clients and to ensure a complete record—containing all relevant videos, CDs and DVDs—is certified to the appellate court.

*Gambrel v. Gambrel*, 501 S.W.3d 900, 902 (Ky. App. 2016).

"It is an Appellant's duty to ensure that the record on appeal is 'sufficient to enable the court to pass on the alleged errors.'" *Smith v. Smith*, 450 S.W.3d 729, 731 (Ky. App. 2014) (quoting *Burberry v. Bridges*, 427 S.W.2d 583, 585 (Ky. 1968)). Further, when an appellant fails to ensure that the record on appeal is complete and sufficient for a review of the issues presented, the appellate court must "assume the missing portions of the record support the trial court's decision." *Id.* at 732.

Coomer points out that he was not requesting the trial court enter a judgment *against* the Neace, but was rather asking the court to recognize, in equity, his concomitant right to use the driveway to access his property. The trial

court expressly found that an easement to use that portion of the driveway which was upon the parcel owned by Coomer was included in Neace's deed, a fact which was found by the trial court following the bench trial. The driveway, which was erected by the original owner of the entirety of the properties of both parties, before partition, was found to be accessible to both parties by the trial court as an "express and/or prescriptive easement." Again, we must assume that the trial court's determination is supported by facts presented at the bench trial since the video recording was not included in the record for our review, and further, Neace does not argue that the trial court erred in any of the findings of fact.

Because Neace does not specifically question any of the findings of fact, and because of the failure to properly designate the only evidentiary hearing held in the matter, we are not engaging in a review of the trial court's findings of fact. As we cannot review the facts determined by the trial court, we cannot determine whether the equitable relief it determined Coomer was due, *i.e.*, access to the driveway, was in error. For it is quite possible that the trial court granted the relief it did due to the facts as borne out of the hearing and not because of any request of Coomer.

> It is well-established law in Kentucky that an express written grant is not the sole means of establishing an easement. An easement may also be created by implication, prescription, or estoppel. *Loid v. Kell*, 844 S.W.2d 428, 429 (Ky. App. 1992). In the case before us,

-10-

the circuit court found an easement by implication, in reliance on the general rule which states

> that, where one conveys a part of his estate, he impliedly grants all those apparent or visible easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed, and which are reasonably necessary for the use of that part.
>
> Further:
>
> It may be considered as settled in the United States that, on the conveyance of one of several parcels of land belonging to the same owner, there is an implied grant or reservation, as the case may be, of all apparent and continuous easements or incidents or property which have been created or used by him during the unity of possession. . . .

*Curry v. Gaines*, No. 2006-CA-002588-MR, 2008 WL 162893, at *2 (Ky. App. Jan. 18, 2008) (quoting *Meade v. Ginn*, 159 S.W.3d 314, 321 (Ky. 2004)).

Because there is a basis at law for the conclusions of law and order of the trial court and as we must assume the findings of fact are accurate due to Neace's failure to properly designate the record of the only evidentiary proceedings in the matter, we affirm.

ALL CONCUR.

-11-

BRIEF FOR APPELLANT:          BRIEF FOR APPELLEE:

Patrick E. O'Neill               Darrell A. Herald
Jackson, Kentucky              Jackson, Kentucky