RENDERED: JULY 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1028-MR

DALE ANTHONY BRINKER                                        APPELLANT

                 APPEAL FROM CAMPBELL CIRCUIT COURT
v.                  HONORABLE DANIEL J. ZALLA, JUDGE
                 ACTION NO. 21-CR-00015

COMMONWEALTH OF KENTUCKY                        APPELLEE

## OPINION AND ORDER
## DISMISSING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND EASTON, JUDGES.

EASTON, JUDGE: The Appellant ("Brinker"), a former practicing attorney, pled guilty to thefts from probate estate clients. As a condition of his plea agreement, Brinker agreed to pay specific amounts as criminal restitution to some of these clients. Brinker later filed a motion to terminate the restitution, arguing the circuit court's restitution order was precluded by an agreement in a prior civil case. The circuit court denied the motion. Brinker filed this *pro se* appeal. As Brinker

substantially failed to follow briefing requirements set forth in the Kentucky Rules of Appellate Procedure ("RAP"), we will strike his brief and dismiss the appeal, also explaining that the appeal had no merit.

## FACTUAL AND PROCEDURAL HISTORY

Brinker was once a practicing member of the Kentucky Bar. On January 29, 2021, The Commonwealth issued an information, which required Brinker's agreement to waive indictment, charging Brinker with three counts of Theft by Unlawful Taking (over $10,000). Brinker was alleged to have stolen money from three separate clients: the Estate of Paul J. Brinker, the Estate of Louis B. Brinker, and the Estate of Mary J. Siemer.

When the Commonwealth brought the above-referenced charges, Brinker had already been involved in a civil matter in the Campbell Circuit Court (Case No. 19-CI-00861) in which he was sued by the estates he represented. In June 2020, Brinker reached a civil settlement with the estates ("Confidential Settlement Agreement"). Brinker agreed to pay a total of $80,000 to the estates in exchange for a full release of all claims. The settlement was payable to all of the estates and did not clearly distinguish the individual claims of the estates.

On May 9, 2022, Brinker pled guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). On each count, Brinker was sentenced to a ten-year prison term, to be run concurrently. Brinker's

sentence was probated for a period of five years.  As part of the plea agreement, Brinker agreed to pay restitution in the amount of $45,221 to the Estate of Paul J. Brinker and $29,930.67 to the Estate of Louis B. Brinker.  Restitution to these two estates was to be paid at a rate of $200/month.  Based upon the representations of the Administrator of the Estate of Mary J. Siemer, Brinker returned the stolen funds to said estate, and no restitution was needed.  The Judgment on the guilty plea was entered on May 11, 2022.  Brinker did not appeal the Judgment.

In February 2023, Brinker filed a motion regarding the restitution required by his plea agreement.  Brinker specifically sought "enforcement of the Confidential Settlement Agreement entered in Campbell Case No. 19-CI-861 as it relates to the restitution in this case and an order terminating any restitution in this case."  Brinker argued restitution was precluded by the Confidential Settlement Agreement as that document stated it was a full settlement of all claims or losses.

The circuit court issued an Order dated August 2, 2023, denying the motion to terminate restitution.  The court stated:

> To accept Brinker's argument that criminal restitution is precluded in this case the court would have to pervert the course of justice.  Here, the court finds that such restitution is not precluded by his settlement payment to the Estates, any provision of the Settlement Agreement and Release, or under the facts of this case.  In addition, the court finds that the ordered restitution provides no windfall to the Estates.

This appeal followed.

-3-

## STANDARD OF REVIEW

A trial court's ruling concerning restitution is reviewed for an abuse of discretion, which occurs when a court's judgment is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Ridenour v. Commonwealth*, 632 S.W.3d 337, 339-340 (Ky. App. 2021) (citation omitted).

## ANALYSIS

Brinker asserts the restitution ordered by the circuit court was precluded by the Confidential Settlement Agreement in the civil case. In support of this position, Brinker makes the following arguments: (1) Kentucky case law does not support imposing restitution because of the civil judgment; (2) the Commonwealth has no standing because it is not the real party in interest; (3) the Commonwealth violated the clean hands doctrine; (4) the restitution order was moot because contract law applies; and (5) the Commonwealth's math regarding damages was incorrect.

Brinker's brief addresses arguments 2-5 for the first time on appeal. Brinker did not make these arguments in the circuit court at any prior point in the record. Thus, these arguments were not preserved and will not be reviewed by this Court. Appellate courts are "without authority to review issues not raised in or decided by the trial court." *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009) (citations omitted). A party is not "permitted to feed one can of

worms to the trial judge and another to the appellate court." *Neal v. Commonwealth*, 95 S.W.3d 843, 848 (Ky. 2003) (citation omitted).

Ultimately, we choose to dismiss the appeal in its entirety due to Brinker's more than substantial non-compliance with briefing requirements. RAP 32(A)(4) requires an appellant's brief to make ample references to the specific location in the record, cite authority pertinent to each issue of law, and refer to the record showing whether the issue was properly preserved for review. Brinker's brief does not state how he preserved his arguments to the circuit court. His brief also contains no citations to the record.

Brinker also failed to include video footage of these proceedings in his designation of record as required by RAP 24(A)(3) and (B)(1)(a). Consequently, the circuit court clerk did not provide video footage of any of the hearings of this case. "The appellant . . . bore responsibility for ensuring the appellate court received a complete record." *Gambrel v. Gambrel*, 501 S.W.3d 900, 902 (Ky. App. 2016). Without the recorded hearings, we must assume the content of the hearing supported the circuit court's decision. *Id.* (citing *King v. Commonwealth*, 384 S.W.3d 193, 194-95 (Ky. App. 2012)).

This Court finds Brinker did not substantially comply with briefing requirements. While Brinker is currently representing himself, he is still a former member of the Kentucky Bar and should be expected to comply at least basically

with appellate guidelines.  Therefore, we will strike Brinker's brief and dismiss his appeal pursuant to RAP 10(B)(3) and (5).

We also note Brinker's appeal has no merit.  Brinker's sole argument in his brief that was addressed before the circuit court is that the civil settlement with his former clients served as a form of *res judicata* precluding the restitution. Brinker argues the amount he paid under the Confidential Settlement Agreement was in exchange for total release of all claims or losses.

In support of his position, Brinker relies on distinguishing *Adams v. Commonwealth*, 560 S.W.3d 879 (Ky. App. 2018).  In *Adams*, this Court noted KRS 533.030(3)(d) provides that a criminal restitution order does not prevent a victim from seeking civil damages from a defendant, but the civil verdict shall be reduced by the amount paid under the criminal restitution order.  *Id.* at 882.  In other words, no actual double recovery is permitted.  The Court upheld a restitution order in which the defendant was ordered to pay $100,000 to a victim who was not fully compensated for her losses in the related civil case.

Pursuant to the Confidential Settlement Agreement, Brinker was to pay $80,000 to the estates.  According to the August 2, 2023, Order, the total loss to the estates amounted to approximately $155,000.  The estates were not fully compensated through the Confidential Settlement Agreement.  The circuit court noted the estates could only be made whole by criminal restitution.  The restitution

that was ordered (approx. $75,000) equaled the difference between the estates' total amount of damages and the amount they received in the civil settlement. The court's ordered restitution in this case did not run counter to KRS 533.030(3)(d) or the ruling in *Adams*.[1]

Brinker entered his guilty plea and agreed to these restitution amounts *after* reaching a civil settlement. The written offer was signed by Brinker, his then-attorney, and the assistant Commonwealth's Attorney. The offer explicitly stated Brinker was to pay restitution in the amount of $45,221 to one estate and $29,930.67 to another estate. There was no ambiguity in the plea agreement. Brinker knew or should have known that the ordered restitution was in addition to the civil judgment. There would have been no abuse of discretion on the part of the circuit court in denying termination of the restitution obligation. This appeal is DISMISSED.

ALL CONCUR.

ENTERED: ____07/26/2024____         _____
                                                    JUDGE, COURT OF APPEALS

---

[1] We note with approval the circuit court's citation to 24 C.J.S. *Criminal Procedure and Rights of Accused* § 2488 (2023) (the public policy of full restitution in criminal cases does not yield to settlements reached in related civil proceedings).

-7-

BRIEF FOR APPELLANT:

Dale Brinker, *pro se*
Ludlow, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky